# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 97-2178

Doris Marso, Appellant,

v.

Anthony J. Principi,
Secretary of Veterans Affairs, Appellee.

Before HOLDAWAY, and IVERS, and GREENE, *Judges.*

## O R D E R

On December 23, 1999, the Court affirmed an August 15, 1997, decision of the Board of Veterans' Appeal (Board) which determined that the veteran's heart disease was not incurred in service and that a service-connected disability did not cause or substantially or materially contribute to the veteran's death. The appellant, the veteran's widow, abandoned those issues on appeal, but instead contended that the Board erred by failing to consider whether she was entitled to dependency and indemnity compensation (DIC) benefits pursuant to 38 U.S.C. § 1318(b)(1). In its decision, the Court determined that the Board had not committed error when it did not consider the appellant's eligibility for DIC benefits on the basis of section 1318(b)(1).

The appellant, through counsel, filed an appeal of the decision to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit). On August 17, 2001, the Federal Circuit remanded the case in light of *Nat'l Org. of Veterans' Advocates, Inc. (NOVA) v. Sec'y of Veterans Affairs*, 260 F.3d 1365 (Fed. Cir. 2001). Pursuant to the Federal Circuit's decision in *NOVA*, the Secretary was required to conduct expedited rulemaking to resolve what that court found was an inconsistency in VA's interpretation of "virtually identical statutes" (38 U.S.C. §§ 1318 and 1311(a)(2)), through the two implementing regulations for those statutes (38 C.F.R. §§ 3.22 and 20.1106) . *Id*. at 1379. By way of update, the Court notes that the Secretary, on December 21, 2001, proposed rules that would remove the inconsistency.

Upon consideration of the foregoing, it

ORDERED that the Board's August 15, 1997, decision is VACATED and that matter is REMANDED to the Board for readjudication consistent with the Federal Circuit opinion.

DATED:    January 23, 2002        PER CURIAM.